# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:   1:18-CV-01968

SEAN STENSON,

    Plaintiff,

v.

KEITH EDMONDS and CARGILL
MEAT LOGISTICS SOLUTIONS, INC.

    Defendants.

---

## CIVIL COMPLAINT AND JURY DEMAND
---

    The Plaintiff, Sean Stenson, by and through his undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

### JURISDICTION AND VENUE

    1.    At all times relevant to this action, Plaintiff Sean Stenson (hereinafter "Plaintiff") was a resident of the State of Florida.

    2.    Upon information and belief, at all times relevant to this action, Defendant Keith Edmonds (hereinafter "Defendant Edmonds") was a resident of the State of Wyoming, residing at 6304 Arthur Avenue, Cheyenne, Wyoming 82001.

    3.    Upon information and belief, at all times relevant to this action, Defendant Cargill Meat Logistics Solutions, Inc. (hereinafter "Defendant Cargill") was and is a Kansas corporation that was licensed to do business in the State of Colorado. Defendant Cargill maintains a principal office address of 250 North Water Street, Suite 600, Wichita, Kansas 67208.

    4.    At all relevant times, Defendant Cargill purposefully availed itself of the privilege of conducting business in the State of Colorado.

    5.    Defendant Cargill maintains a registered agent for service in Centennial, Colorado: The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

6. This matter arises out of a motor vehicle collision that occurred on August 1, 2016, between the Plaintiff and Defendant Edmonds at the intersection of Sheridan Boulevard and the westbound 6th Avenue exit ramp in Jefferson County, Colorado.

7. Upon information and belief, on August 1, 2016, and at all times relevant hereto, Defendant Edmonds was an agent and/or employee of Defendant Cargill and was acting in his capacity as such.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is a civil action in which the parties are citizens of different states.

9. Venue is proper in the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b), as this is a District in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

10. On or about August 1, 2016, at approximately 10:03 a.m., Plaintiff and Defendant Edmonds were involved in a motor vehicle collision on southbound Sheridan Boulevard at or about the exit ramp from westbound 6th Avenue in Lakewood, Colorado.

11. Plaintiff was driving a 2003 Buick sedan (hereinafter the "Buick") and was making a left turn from the westbound 6th Avenue exit ramp onto southbound Sheridan Boulevard in the number 1 turn lane.

12. Defendant Edmonds was driving a 2013 Kenworth Semi (hereinafter the "Kenworth") and was making a left turn from the westbound 6th Avenue exit ramp onto southbound Sheridan Boulevard in the number 2 turn lane.

13. Upon information and belief, the Kenworth being driven by Defendant Edmonds was owned by Defendant Cargill.

14. Upon information and belief, Defendant Cargill authorized Defendant Edmonds to use the Kenworth at the time of the collision.

15. As Plaintiff and Defendant Edmonds were turning in their respective turn lanes, Defendant Edmonds failed to operate the Kenworth in the correct lane of travel and steered the Kenworth into Plaintiff's lane of travel.

16. As a result of Defendant Edmonds failure to keep the Kenworth in the proper lane of travel, the front driver's side of the Kenworth struck the passenger side of the Buick.

17. The crash caused damage to the Buick and injuries to the Plaintiff.

18. When Defendant Edmonds negligently failed to operate the Kenworth in the proper lane of travel, thereby causing the collision between the Kenworth and the Buick, Defendant Edmonds drove in a careless and imprudent manner and failed to take into account the safety of others, particularly that of the Plaintiff.

19. Officer A. Hassell of the Lakewood Police Department arrived at the scene of the crash, conducted an investigation, and determined that Defendant Edmonds was at fault for causing the collision between the Kenworth and the Buick and cited Defendant Edmonds for "Improper Left Turn" in violation of Lakewood Municipal Code § 10.21.030(A)(2).

20. Plaintiff suffered serious physical injuries as a result of the aforementioned collision which ultimately necessitated a three-level cervical fusion surgery as well as a lumbar interbody fusion surgery.

21. As a result of his collision related injuries, Plaintiff has undergone significant medical treatment and has incurred over $490,000.00 in medical expenses to date.

22. Plaintiff was not comparatively negligent at the time of the collision.

23. Plaintiff did not cause the aforementioned collision.

24. As a direct and proximate result of Defendant Edmonds' negligence, Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, loss of income, and other economic losses.

25. As a direct and proximate result of Defendant Edmonds' negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of the quality of life.

26. As a direct and proximate result of Defendant Edmonds' negligence, Plaintiff has suffered permanent physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF
### Negligence – Defendant Edmonds

27. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 26 of this Complaint, as if set forth *verbatim*.

28. Defendant Edmonds owed Plaintiff a duty to use reasonable care in the operation of the Kenworth.

29. When Defendant Edmonds drove the Kenworth into the passenger side of the Buick, he breached the above referenced duty.

30. Defendant Edmonds also breached the above referenced duty without limitation, in the following ways:

      a. Failing to keep a proper lookout;
      b. Failing to maintain a safe distance from other vehicles; and
      c. Driving carelessly.

31. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by the Plaintiff.

32. As a result of Defendant Edmonds' breaches of the aforementioned duty, Plaintiff has sustained injuries, damages, and losses, as described above.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* – Defendant Edmonds

33. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 32 of this Complaint, as if set forth *verbatim*.

34. When Defendant Edmonds operated the Kenworth in such a manner as to cause the motor vehicle collision between the Kenworth and the Buick, he was in violation of applicable municipal ordinances and Colorado statutes including, but not limited to: C.R.S. § 42-4-1007(1)(a), Improper Lane Change, and C.R.S. § 42-4-1402, Careless Driving.

35. The Plaintiff is a member of the class for whose protection the above-referenced statutes were enacted.

36. The incident herein above described and the injuries and damages that the Plaintiff suffered as a result of the incident are the kind of injuries and damages sought to be prevented by the passage of the above-referenced statutes.

37. Defendant Edmonds' violation of the above-referenced statutes constitutes negligence *per se*.

38. As a direct and proximate result of Defendant Edmonds' violation of the above-referenced statutes, Plaintiff has sustained injuries, damages, and losses, as described above.

## THIRD CLAIM FOR RELIEF
### Vicarious Liability/Respondeat Superior – Defendant Cargill

39. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 38 of this Complaint, as if set forth *verbatim*.

40. Upon information and belief, at or about the aforementioned date and time, Defendant Edmonds was an agent and/or employee of Defendant Cargill.

41. Upon information and belief, at or about the aforementioned date and time, Defendant Edmonds was acting within the course and scope of his employment and/or agency with Defendant Cargill.

42. At or about the aforementioned date and time, the acts and/or omissions of Defendant Edmonds are by law deemed to be the acts and/or omissions of Defendant Cargill.

**WHEREFORE,** the Plaintiff, Sean Stenson, prays for judgment against Defendants Keith Edmonds and Cargill Meat Logistics Solutions, Inc., in an amount to be determined by the trier of fact for his losses as set forth above and for costs, expert witness fees, filing fees, pre-and post-judgment interest, and such other and further relief as the Court deems appropriate, just, and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury on all issues so triable.

DATED:  August 2, 2018

                                                             Respectfully submitted,

                                                             ZANER HARDEN LAW, LLP

                                                             s/ *Marc Harden*
                                                            Marc Harden, Esq. #36812
                                                           Britt A. Holtz, Esq. #49051
                                                           Zaner Harden Law, LLP
                                                           1610 Wynkoop St., Suite 120
                                                           Denver, CO 80202
                                                           Phone: (303) 563-5354
                                                           Fax:    (303) 536-5351
                                                           E-mail: mh@zanerhardenlaw.com
                                                                     bh@zanerhardenlaw.com

Plaintiff's Address:

601 N. Miramar Avenue, #212
Indialantic, FL 32903